IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JEANETTE BLAND                                                  PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:10CV17TSL-JCS

JACKSON METROCENTER MALL, LTD., ET AL.                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Jeanette Bland to remand. Defendants Jackson Metrocenter Mall, Ltd., Grubb & Ellis Management Services, Inc., and Clarence Evans, Jr. have responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion to remand is well taken and should be granted.

The complaint, originally filed by plaintiff, a Mississippi resident, in the Circuit Court of Hinds County, Mississippi, recites that on January 9, 2009, plaintiff fell and sustained serious injuries when she attempted to descend a stationary escalator at Metrocenter Mall. The complaint names as defendants Jackson Metrocenter Mall, Ltd., a Texas corporation, Grubb & Ellis Management, a Delaware corporation, and Clarence Evans, a citizen of Mississippi, and alleges that at "all times pertinent, all Defendants owned, possessed, controlled, and/or managed and/or possessed the right to control, operate and/or manage the Metrocenter Mall," and further charges that all defendants knew or

should have known of the unsafe condition posed by the escalator, and yet failed to take measures to protect plaintiff and other mall invitees from the hazard posed by the stationary escalator, such as barricading access to the escalator or warning patrons as to the dangers posed by the stationary escalator.  The complaint purports to state claims against all defendants for "failure to provide a reasonably safe premises," and further seeks to hold defendant Evans liable for "direct negligence" and gross negligence.  Plaintiff seeks  damages for her medical expenses, lost wages and pain and suffering in an amount not to exceed the jurisdictional limit of the circuit court.

The defendants removed the case pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction, 28 U.S.C. § 1332, contending that Evans had been improperly joined to defeat federal jurisdiction.  Plaintiff promptly moved to remand, arguing that since the Fifth Circuit Court of Appeals has explicitly held that the question whether a store manager, in addition to a property owner, may be held personally liable in a premises liability case as a "person in charge" of the premises remains an open question under Mississippi law, see Smith v. Petsmart Inc., 278 F. App'x 377, 380 (5th Cir. 2008), then defendants obviously cannot meet their heavy burden of demonstrating that she has no reasonable possibility of recovery against Evans.  In response to the motion,

2

defendants contend only that because the complaint fails to set forth sufficient factual detail to state a viable claim against Evans, then he should be dismissed,[1] and plaintiff's motion to remand denied.  However, given the acknowledged uncertainty under Mississippi law with regard to liability for property managers, where the complaint alleges that during the relevant time period, "all Defendants owned, possessed controlled, and/or managed" the Metrocenter Mall, and further alleges that defendants' failure to provide a reasonably safe premises caused her to suffer damages, it cannot be concluded that there is no reasonable possibility of recovery against Evans under Mississippi law.  See Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003) ("If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder.  This *possibility, however, must be reasonable*, not merely theoretical.") (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir.2002)) (emphasis in original) (quotations omitted); see also Kelly v. Sailormen, Inc., Civ. Act. No. 3:08CV397DPJ-JCS, 2008 WL 4531026, at *2 (S.D. Miss. Oct. 6, 2008) (following Smith and rejecting claim that restaurant manager was improperly joined to defeat

---

[1] On the same day the case was removed, Evans filed a motion to dismiss for failure to state a claim upon which relief could be granted.

3

diversity in premises liability case). Accordingly, plaintiff's motion to remand will be granted.

Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.

SO ORDERED this 4th day of February, 2010.

                                    /s/Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE